### INDIANA STATE EMPLOYEES AS-SOCIATION, INC., et al.
### v.
### Richard A. BOEHNING et al.
### No. IP 73-C-99.

United States District Court,
S. D. Indiana,
Indianapolis Division.

April 13, 1973.

Donald R. Anderson and Ronald Elberger, Bose, McKinney & Evans, Indianapolis, Ind., for plaintiffs.

Theodore L. Sendak, Atty. Gen. of Ind. by Sheldon Breskow and Edward Squier Neal, Indianapolis, Ind., for defendants.

## ENTRY

NOLAND, District Judge.

The above entitled cause came before the Court for hearing on April 2, 1973, on plaintiffs' motion for preliminary injunction and other pending motions. At the beginning of said hearing, plaintiffs withdrew their discovery motions and the Court granted plaintiffs' motion for consolidation of trial on the merits with the hearing on the application for preliminary injunction pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, taking defendants' motion to dismiss under advisement. For the reasons which follow, the scope of this entry is limited to a discussion of the propriety of applying the abstention doctrine in this cause.

Plaintiffs allege jurisdiction based upon 28 U.S.C. § 1343(3), (4) and seek injunctive relief and monetary damages pursuant to 42 U.S.C. § 1983 and declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. The central issue presented to the Court is whether plaintiff Phyllis A. Musgrave and others similarly situated have been denied due process of law under the Fourteenth Amendment by the policy and practice of the Indiana Highway Commission of discharging employees summarily and denying them a prior hearing to determine whether such employees are being discharged in accordance with the provisions of the Indiana State Highway Commission—Bi-Partisan Personnel System, IC 1971, 8–13–1.5–1. The underlying factual dispute between the parties concerns whether there was sufficient cause for the termination of plaintiff Musgrave's employment pursuant to IC 1971, 8–13–1.5–6.

IC 1971, 8–13–1.5–6 provides as follows:

"Dismissal of employees for cause.— Any employee may be dismissed, demoted, suspended or laid off for cause. For the purpose of this chapter [§§ 36–163c—36–163j] cause shall be any action or inaction of any employee that produces, incurs or results in the substantial diminution of the employee's ability or willingness to perform his duties, impairs the ability or willingness of any other employee of the institution or agency of state government to perform his duties or brings discredit upon the State of Indiana. Cause may include but shall not be limited to the following:

Intoxication on the job; physical or mental inability to perform the job requirements; personality characteristics which substantially limit the employee's or his fellow employee's ability to perform his duties, or which severely handicap the administration of the commission; and, action or inaction which severely limits or prohibits the implementation of administrative policies. [IC 1971, 8–13–1.5–6, as added by Acts. 1971, P.L. 92, § 1, p. 436.]"

Plaintiffs contend that the foregoing section of the Bi-Partisan Personnel System Act gave Mrs. Musgrave the due process right to a pre-discharge hearing to determine whether cause for her dismissal existed. The defendants, on the other hand, deny that any such right exists.

The Bi-Partisan Personnel System Act is silent on the question of whether a hearing is required before dismissal for cause, and no Indiana court has had the opportunity to construe the Act and resolve this uncertainty. Furthermore, no Indiana court has had occasion to consider whether the Administrative Adjudication and Court Review Act, IC 1971, 4–22–1–1 et seq., Ind.Stat.Anno. § 63–3001 et seq. (Burns' 1961 Repl.) is applicable to the Bi-Partisan Personnel System, thus establishing not only the right to a pre-discharge hearing but also setting forth the procedures for such administrative hearings and determinations and providing for judicial review in the Indiana courts.[1]

It is the opinion of the Court that should the Administrative Adjudication and Court Review Act be construed to apply to the Bi-Partisan Personnel System, then plaintiff would have a right to a pre-discharge hearing as a matter of Indiana law. Such construction of Indiana law would, therefore, obviate the need for this Court to pass upon the federal constitutional issue of whether plaintiffs' due process rights were vio-

---

1. The intent of the Administrative Adjudication and Court Review Act is expressed in IC 1971, 4–22–1–1; Ind.Stat. Anno. § 63–3001 (Burns' 1961 Repl.) as follows:

"It is the intent to establish a uniform method of administrative adjudication by all agencies of the state of Indiana, to provide for due notice and an opportunity to be heard and present evidence before such agency and to establish a uniform method of court review of all such administrative adjudication."

lated by defendants' refusal to grant such a hearing.[2]

Given this situation, the propriety of abstention is well illustrated by Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 640, 79 S.Ct. 455, 456, 457, 3 L.Ed.2d 562, and Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 789–790, 25 L.Ed. 2d 68 (1970) wherein the Supreme Court stated that:

"Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. * * * That is especially desirable where the questions of state law are enmeshed with federal questions. * * * Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty— certainly for a federal court. * * * In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily."

The facts in the instant case are highly analogous to those before the Supreme Court in *Reetz*. Plaintiff Musgrave claims to have a property interest under the Bi-Partisan Personnel System Act which establishes personnel policies regulating employment with Indiana State Highway Commission. In addition to the enunciation of specific policies, the Act makes provision for rulemaking authority as follows:

"Rule for bipartisan personnel system. —The Indiana state highway commission shall enforce, through the executive director, the provisions of this chapter [§§ 36–163c—36–163j] and shall have the power to promulgate all rules necessary for the most effective administration of a bipartisan personnel system established by this chapter." IC 1971, 8–13–1.5–2.

Although the Indiana State Highway Commission has not exercised this rulemaking authority and has denied the existence of a right to a pre-discharge hearing under the Bi-Partisan Personnel System, an Indiana court of competent jurisdiction could well conclude that the aforementioned rule making powers of the Commission extend to dismissal for cause (see IC 1971, 8–13–1.5–6 set forth *supra*) and require the Commission to exercise those powers to establish procedures for pre-termination hearings in conformity with the policies embodied with the Act and the Indiana Constitution.[3] Similarly, an Indiana Court of competent jurisdiction could well conclude that despite the rule-making authority vested in the Highway Commission, the Administrative Adjudication and Court Review Act is applica-

2. In reviewing approximately 102 appellant court cases in which the abstention doctrine was invoked, Judge Pell made the following observation in his comprehensive survey of abstention decisions:

"Of the cases in which the district courts did abstain, by far the most frequent specific reason given was to avoid having to rule on a federal constitutional question when an authoritative decision on a question of state law would eliminate or substantially modify the federal question (34 cases). In 17 cases, the district courts specifically mentioned the availability of a state remedy, either administrative or judicial, as grounds for abstaining; 15 cases noted that the state courts were already handling the problem properly. Finally, 18 cases specifically opted for allowing a state court the first opportunity to construe a state statute." Pell, Abstention—A Primrose Path by any other Name, 21 DePaul L. Rev. 926 (1972).

3. Article 1, Section 12 of the Constitution of the State of Indiana provides:

"Courts open—Due course of law— Administration of justice. All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

ble to the Bi-Partisan Personnel System Act, and that the Commission must therefore conduct pre-discharge hearings in accordance with the detailed provisions of the Administrative Adjudication and Court Review Act. Finally, it is possible that an Indiana court ruling on these issues would conclude that employees of the Indiana State Highway Commission do not have a right to a pre-termination hearing because of the silence of the Bi-Partisan Personnel System Act on this subject.

From the foregoing, it is clear that this Court has been presented with a constitutional issue which is interwoven with "unclear" questions of state law within the meaning of Harman v. Forssenius, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965) which could well be resolved by the Indiana courts in such fashion as to render a decision by this Court on the due process question before it unnecessary. See also: Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). The instant case, therefore, certainly falls within a recognized area for the application of the abstention doctrine in that the above mentioned Indiana statutes are susceptible to a construction which would modify or avoid the constitutional question presented to this federal court for resolution. Kiernan v. Lindsay, 334 F.Supp. 588, 596–597 (S.D.N.Y.1971), *judg. summarily aff'd* 405 U.S. 1000, 92 S.Ct. 1295, 31 L.Ed.2d 472, *reh. den.* 405 U. S. 1076, 92 S.Ct. 1497, 31 L.Ed.2d 811 (1972).

Another recognized area for federal abstention occurs where the exercise of jurisdiction would disrupt state administrative processes. *Id.* at 597. As in *Kiernan, supra,* the instant case involves the administrative process concerning the complex relationships between a state and the public employees of that state. The Administrative Adjudication and Court Review Act, if applied to the Bi-Partisan Personnel System Act, would result in a comprehen-

sive, substantive and procedural program for determining the rights of employees of the Indiana State Highway Commission and the Commission as their public employer. See *Kiernan, supra,* at 597. Consequently, to avoid needless federal-state friction in this delicate area concerning the administrative procedures applicable to public employees, this court should stay its hand until the Indiana courts have an opportunity to resolve these important issues of Indiana law. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970); Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L. Ed.2d 196 (1971); Kiernan v. Lindsay, 334 F.Supp. 588 (S.D.N.Y.1971), *judg. summarily aff'd* 405 U.S. 1000, 92 S.Ct. 1295, 31 L.Ed.2d 472, *reh. den.* 405 U.S. 1076, 92 S.Ct. 1497, 31 L.Ed.2d 811 (1972).

The propriety of avoiding such needless federal-state friction is clearly reflected by the following excerpt from a recent article by Judge Pell:

"In the application of the classic Pullman abstention doctrine, indeed throughout abstention cases, a principal underlying factor for judicial determination is the possibility of unduly disrupting federal-state relations. Mr. Justice Frankfurter dwelt at some length on the subject in Pullman. He observed that few public interests have a higher claim on the discretion of a federal chancellor than the avoidance of needless friction with state policies. Referring to earlier cases, he stated that they reflected a doctrine of abstention appropriate to the federal system whereby the federal courts, exercising a wise discretion, restrained their authority because of scrupulous regard for the rightful independence of state governments and for the smooth working of the federal judiciary. Noting that the use of equitable powers in this sense was a

contribution of the courts in furthering the harmonious relations between state and federal authority, the need was eliminated for a rigorous congressional restriction of the courts' powers." Pell, *Abstention—A Primrose Path by any other name*, 21 *DePaul L.Rev.* 926 (1972).

Accordingly, this Court does hereby abstain from deciding the merits of this cause until the Indiana courts have had an opportunity to consider the applicability of and authoritatively construe the Bi-Partisan Personnel System Act and/or the Administrative Adjudication and Court Review Act in determining whether employees of the Indiana State Highway Commission have a right to a pre-discharge hearing under Indiana law.