Knoch, Senior Circuit Judge, dissented and filed opinion.

**Betty DREXLER, Plaintiff-Appellant,**

**v.**

**SOUTHWEST DUBOIS SCHOOL CORPORATION et al., Defendants-Appellees.**

**No. 72–1918.**

United States Court of Appeals, Seventh Circuit.

Reheard En Banc June 13, 1974.

Decided Oct. 15, 1974.

Richard J. Darko, Indianapolis, Ind., for plaintiff-appellant.

Lewis C. Bose, Indianapolis, Ind., for amicus curiae.

Norbert T. Schneider, Huntingburg, Ind., for defendants-appellees.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, FAIRCHILD, CUMMINGS, PELL, STEVENS, SPRECHER and TONE, Circuit Judges.

SWYGERT, Chief Judge.

Plaintiff-appellant Betty Drexler is appealing a decision of the district court abstaining from considering the merits of her section 1983 action. On February 14, 1974, in an unpublished order, a panel of this court (one judge dissenting) affirmed that order. Pursuant to the plaintiff-appellant's suggestion, we have reheard this appeal *en banc*. We reverse.

The question presented by this appeal is whether it is proper for a federal court to abstain from determining whether a non-tenured teacher was denied further employment because of allegedly constitutionally impermissible reasons until the state courts are given an opportunity by plaintiff to determine whether the defendant school board's actions can be deemed "arbitrary" and whether a state statute might be construed to have been violated.

Plaintiff was a non-tenured teacher employed by the school board. Her contract was not renewed and pursuant to an Indiana statute she requested and received a statement of the reasons for her non-retention. Basically, three reasons were presented: her rapport with students was not sufficient; a letter she sent to the superintendent was "completely unprofessional" and bordered on insubordination; and she had communicated to the administrators an "overt feeling" that her teaching load was too heavy. The plaintiff then instituted the federal court action in which she seeks a declaratory judgment, an order requiring that she be extended a new contract, back pay, damages, and attorney's fees. Her amended complaint alleges that the defendants deprived her of her right to substantive due process by dismissing her "in retribution for plaintiff's exercise of her First Amendment right to free speech in criticizing the actions of the school administrators," or, alternatively, by dismissing her "for reasons which are arbitrary and capricious, without basis in fact or in logic." The First Amendment claim is based upon the letter sent to the superintendent.

The complaint did not allege the unconstitutionality of a state statute or a violation of a state statute. Further, plaintiff had not instituted an action in the state courts in regard to this matter.

The district court, in ruling upon a motion to dismiss, decided to abstain from determining these issues "pending the resolution of the state law issues by timely application by the plaintiff to the Courts of Indiana." The judge thought that the allegation of arbitrary action was more properly an issue of Indiana law that should be considered by the Indiana courts along with the question of whether the reasons supplied to plaintiff sufficiently comply with Burns' Ann. Ind.Stat. § 28–4517, IC 1971, 20–6–13–1 (1970),[1] since a determination of those issues might eliminate the need to consider the constitutional claims. The court buttressed its decision by noting "the paramount interest of the State of Indiana in educational matters within its borders."

■ A preliminary question we must consider is whether we have jurisdiction to entertain this appeal. Technically this case was not dismissed but merely stayed pending litigation in the state courts and it could be argued that the order is not appealable. However, we think it is only logical to consider this order to be a final judgment within the meaning of 28 U.S.C. § 1291 and there is ample precedent to support this conclusion. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794, 715 n.2 (1962); Moses v. Kinnear, 490 F.2d 21, 24 (9th Cir. 1973); Druker v. Sullivan, 485 F.2d 1272, 1274 n.3 (1st Cir. 1972).

We proceed to the propriety of the district court's decision to abstain and require the plaintiff to initiate state court proceedings. We note the general proposition that the "judge-made doctrine of abstention . . . sanctions such escape only in narrowly limited 'special circumstances.'" Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 395, 19 L.Ed.2d 444 (1967). Moreover, "the use of the abstention doctrine in cases involving civil rights, especially in cases where First Amendment rights are allegedly involved, is not to be encouraged." Devlin v. Sosbe, 465 F.2d 169, 172 (7th Cir. 1972).

Equally important to keep in mind is the commonly stated rule that a plaintiff need not exhaust state remedies before filing a section 1983 suit, since the federal remedy is "supplementary to the state remedy." Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). There is now some doubt, though as to the extent to which section 1983 is a supplementary remedy. In Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971) the Supreme Court held that a district court should have abstained from determining whether a Florida statute is invalid under the Equal Protection Clause until the Florida courts ruled upon a challenge to the law based on the Florida constitution. The Court interpreted Monroe v. Pape as applying only to a situation in which the state remedy is not available in practice and viewed McNeese as holding that "'assertion of a federal claim in a federal court [need not] await an attempt to vindicate the same claim in a state court.' 373 U.S. at 672 (emphasis added)." 401 U.S. at 478, 91 S.Ct. at 858. The Court found that the case already filed in the state court did not present the "same claim."

■ The Second Circuit has approved abstention in a section 1983 case in which there was a "substantial statutory and constitutional claim under New York law" even though no action in

1. ". . . Any teacher who shall be refused continuation of contract pursuant to the provision of this act [section] may request from the trustee or board of trustees a written statement showing reason for such dismissal . . . ."

state court had been initiated. Reid v. Board of Education, 453 F.2d 238, 240 (2d Cir. 1971). In that case it was determined that Monroe v. Pape and *McNeese* were not applicable because the state claims were not "merely counterparts for the federal rights asserted." 453 F.2d at 244. Without determining any further questions, we believe that it is still correct that at least there is no need to present a claim to the state courts before raising that same claim in a section 1983 action.

■ In the context of the present proceeding abstention is equivalent to an impermissible requirement of exhaustion of state remedies. Defendants argue that abstention is proper whenever a state court's interpretation of state law might eliminate the necessity of a federal court ruling upon an alleged constitutional violation. Here the district court has required plaintiff to allow the courts of Indiana an opportunity to review the decision not to extend the contract in light of a general state law doctrine, derived from the Indiana constitution, that prohibits arbitrary governmental action. Admittedly, the Indiana courts might find the defendants' actions arbitrary and thus eliminate the need for this section 1983 action. But, given the broad and generalized nature of the concept of arbitrary governmental action, it is possible that in many section 1983 actions the alleged constitutional deprivations might be found to be a violation of state law if only a plaintiff would present the claim to a state court. Some small amount of federal-state friction might be eliminated by such a requirement. However, if elimination of federal-state friction were the *only criterion, a plaintiff should also be* required to submit his federal constitutional claim to the state courts in the first instance. Indeed, in this case one of the constitutional issues raised is the question of arbitrary and capricious action. We find that ordering plaintiff to

litigate the question of "arbitrary action" in the state courts before either of these constitutional issues will be considered is, in effect, requiring him to first litigate the "same claim" in the state courts. Such exhaustion is not necessary in a section 1983 action.

■■ Abstention cannot be justified on the basis of a possible state statutory violation either. An essential prerequisite for abstention is "an uncertain issue of state law." Harman v. Forsenius, 380 U.S. 528, 534, 85 S.Ct. 1177, 1182, 14 L.Ed.2d 50 (1965). The statute in question (§ 28–4517, *supra* n. 1) requires that reasons be given to the teacher. But both plaintiff and defendants agree that it is now clear that the type of general reasons given Drexler is sufficient under this statute.[2] Still, defendants argue that Indiana law is "unsettled" as to the effect of giving false reasons for dismissal which they claim is plaintiff's primary allegation. Defendants theorize that possibly such false reasons would violate the statute. However, the mere existence of an unlitigated theory under which a plaintiff might be deemed to have a cause of action in state court for violation of a statute is not always sufficient to justify abstention. Not only must the state law be uncertain, but the issue must be substantial. "Abstention certainly involves duplication of effort and expense and an attendant delay." Reetz v. Bozanich, 397 U.S. 82, 86, 90 S.Ct. 788, 790, 25 L.Ed.2d 68 (1970). The theory of a state statutory violation that has been presented to us is not sufficient to support abstention, especially since the federal claim is not dependent upon an interpretation of the statute.

This is not a case in which the necessity of determining the constitutionality of a statute might be avoided if the state courts are allowed to construe the statute first. In one sense the friction caused by a federal decision in this matter would be slight since no state legisla-

2. *See* Tilton v. Southwest School Corp., Ind. App., 281 N.E.2d 117 (1972).

tive policy is being challenged. Defendants argue that failure to abstain could result in numerous federal challenges by non-tenured teachers. They contend that matters involving public schools are particularly local affairs that should be left to the states whenever possible. The simple answer to this argument is that the crux of this suit is an allegation of a constitutional violation which is an issue most appropriate for presentation before a federal court in a section 1983 action. The fact that the alleged denial of constitutional rights is set in the context of the public education system cannot be determinative.

In view of our decision that abstention was improper we must remand this case to the district court for consideration of the substantive issues. Our remand expresses no opinion as to the legal sufficiency or ultimate merit of plaintiff's claims.

Reversed and remanded.

STEVENS, Circuit Judge (concurring).

Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196, demonstrates that abstention may be appropriate to give a state court an opportunity to determine a state law claim which, if sustained, will obviate the need to adjudicate a federal constitutional question. Defendants argue that similar reasoning justifies abstention in this case. In *Askew*, however, two factors favored abstention which are not present here.

In *Askew*, the plaintiffs attacked the constitutionality of a new Florida statutory method of financing public education. Because a statewide statute was under attack, a three-judge district court had been convened. In this case, the potential state-federal conflict is much less serious because the dispute merely involves one individual teacher, one local school board, and a set of facts which is relatively unique. Moreover, unlike the situation before us, the substantial character of the state law attack on the Florida legislation was indicated by the pendency of litigation in the Florida courts. The colloquy between the Court and counsel at the oral argument of *Askew* apparently persuaded the Court that the pendency of that litigation made abstention appropriate. See 401 U.S. at 478, 91 S.Ct. at 857. In contrast, the oral argument of this case revealed that there is no litigation pending in the Indiana courts which will be of benefit to this plaintiff, and neither counsel gave us any indication that there was a substantial likelihood that plaintiff would obtain adequate relief from an Indiana court.

The per curiam opinion in *Askew* seems to place critical emphasis on the question whether "the same claim" might be asserted in both the federal court and the state court. I find this emphasis somewhat puzzling because, contrary to the thrust of *Askew*, I would suppose that a greater identity between the two claims would increase, rather than decrease, the justification for abstention.[1] Be that as it may, my

---

1. In McNeese v. Board of Education, 373 U. S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622, after reviewing the purposes of § 1983 as described in Monroe v. Pape, 365 U.S. 167, 171–183, 81 S.Ct. 473, 5 L.Ed.2d 492, the Court said:

"We would defeat those purposes if we held that assertion of a federal claim in a federal court must await an attempt to vindicate the same claim in a state court." 373 U.S. at 672, 83 S.Ct. at 1436.

It would seem even more inconsistent with the purposes of § 1983 to hold that the assertion of the federal claim must await an

attempt to vindicate some other claim in a state court.

Indeed, in Gibson v. Berryhill, 411 U.S. 564, 580, 93 S.Ct. 1689, 1699, 36 L.Ed.2d 488, the Court relied on the difference between the state and federal claims as a reason for not requiring abstention. The Court there stated:

"Arguably, the District Court should have awaited the outcome of the *Lee Optical Co.* appeal, a decision which might have obviated the need for an injunction in this case.[18] But the Board was pressing its charges against appellees without

agreement with the conclusion that abstention was improper in this case is not dependent on the premise that plaintiff's federal complaint asserts the "same claim" that might be asserted in a state court.

Plaintiff has attempted to assert two quite different federal claims: (1) that she was dismissed for an impermissible reason, namely, in retribution for exercising her First Amendment right to criticize the school administration; and (2) that her dismissal was simply arbitrary. As I understand defendants' position, it is the latter theory which is comparable to a possible state claim which they want her to file and litigate to a conclusion before proceeding in federal court. But, as a matter of federal law, that theory is insufficient. Jeffries v. Turkey Run Consolidated School District, 492 F.2d 1, 3–4 (7th Cir. 1974). I do not understand defendants to argue that plaintiff's First Amendment claim

has any exact counterpart in Indiana law.

In my judgment, abstention is improper regardless of whether there is a lack of identity between the potential state claim and the federal claim. As Judge Swygert correctly emphasizes, this case does not involve an attack on any state statute or regulatory program.[2] This is a local controversy raising a disputed issue of fact and also the legal question of whether plaintiff's version of the facts entitles her to federal relief. The merits of the federal claim are not dependent in any way upon the resolution of any uncertain questions of state law.[3] In this situation, the mere possibility that a state tribunal might grant this individual plaintiff relief which would make it unnecessary for her to pursue her federal remedy is not a sufficient reason for abstention. I believe that is the essential teaching of Monroe v. Pape and *McNeese*.[4]

awaiting that outcome *and, in any event, it appears that at least some of the charges pending against appellees might have survived a reversal of the state trial court's judgment by the Alabama Supreme Court.* Under these circumstances, it was not an abuse of discretion for the District Court to proceed as it did." (Emphasis added.)

In its footnote 18, the Court cited *Askew*.

2. It is worth noting that the statewide application of the order of the Texas Railway Commission under attack in Railroad Commission v. Pullman, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, the Alaska fishing laws and regulations involved in Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68, and the Millage Rollback Law challenged in *Askew*, made it appropriate to convene a three-judge district court in each of those cases. In contrast, it is of interest that in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, and McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L. Ed.2d 622 (as in this case), the state action under attack had only a local impact.

3. In *Pullman*, state law claims were raised in the federal litigation and it would have been necessary for the three-judge court to decide the state issues before reaching the federal

questions. Abstention was therefore essential to avoid the risk that the state questions would be decided incorrectly. In *McNeese*, the Court emphasized the fact that the federal right was not "in any way entangled in a skein of state law that must be untangled before the federal case can proceed." 373 U.S. at 674, 83 S.Ct. at 1437. In that case, as in this, it was "immaterial whether respondents' conduct is legal or illegal as a matter of state law." *Ibid.* And in *Reetz*, the Court differentiated those cases "where the questions of state law are enmeshed with federal questions." 397 U.S. at 85, 90 S.Ct. at 789, quoting from City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 640–641, 79 S.Ct. 455, 3 L.Ed.2d 562.

4. Orr v. Thorpe, 427 F.2d 1129 (5th Cir. 1970), presented a stronger case for abstention than does this case since the availability of an adequate state remedy was apparently assumed, and the controversy between the Teachers Association and the School Board involved a broader policy question than merely the discharge of one teacher. Nevertheless, Judge Wisdom, speaking for the Court, summarily dismissed defendants' abstention argument, stating simply: "The plaintiffs have stated a federal cause of action and do not seek to interpret or attack Florida statutes." 427 F.2d at 1131.

**842**

KNOCH, Senior Circuit Judge (dissenting).

For the reasons set forth in our unpublished order of February 14th, 1974, a portion of which I quote below,* I respectfully dissent. In my opinion, the decision of the District Judge should be affirmed.

---

* "The *amicus curia* argued, for abstention, that there were well-defined statutory Indiana State provisions, with an adequate remedy of state review, where the necessity of developing state substantive law on teachers' rights was of great importance, the existing and future potential of litigation immense, and where cases could be resolved by State Courts without involving determination of federal constitutional issues. Further argument of the *amicus curia* dealt with the fact that communications between employer and employee, as here, would occur in virtually every employment case and absent some factual allegation other than that a communication to the Superintendent was involved in the determination not to renew the contract, the question here was whether arbitrary and capricious action had been taken. The District Court found this reasoning persuasive, as do we.

"Plaintiff contends that her amended complaint does not attack any state statute or regulation and that interpretation of the Indiana Statute will not avoid the federal constitutional question. She is willing to recognize that the defendants fully complied with the state statute but argues that this does not negative the possibility of federal constitutional violation.

"Nevertheless, as appellees assert, plaintiff may have an independent right to recover under Indiana law on issues not yet resolved by its Courts with respect to her charge that arbitrary and capricious action was taken and that false and sham reasons were given her in purported fulfillment of Indiana statutory requirements."