511 F.2d 834
 INDIANA STATE EMPLOYEES ASSOCIATION, INC., an Indiana
not-for-profit corporation, and Phyllis A.
Musgrave, Individually and on behalf of
all others similarly situated,
Plaintiffs-Appellants,
v.
Richard A. BOEHNING, Individually and as Chairman,
Commissioner of the IndianaState Highway
Commission, et al., Defendants-Appellees.
 No. 73--1521.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 16, 1974.
Decided March 10, 1975.
 
 Donald R. Anderson, Indianapolis, Ind., for plaintiffs-appellants.
 Theodore L. Sendak, Atty. Gen., Donald P. Bogard, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.
 Before FAIRCHILD, Chief Judge, and PELL and STEVENS, Circuit Judges.
 FAIRCHILD, Chief Judge.
 
 
 1
 This appeal was taken from an order of the district court abstaining from decision on the merits until the Indiana courts have had an opportunity to construe certain Indiana statutes. Plaintiffs (appellants) are the Indiana State Employees Association, Inc., and Phyllis Musgrave, a discharged highway commission employee. Defendants (appellees) are members and officials of the Indiana State Highway Commission. Plaintiffs brought this action as a class action. They sought damages on account of the Musgrave discharge, a declaratory judgment, injunction and attorney's fees. They claim that plaintiff Musgrave was dismissed from state employment in violation of a federal due process right to a pretermination hearing. On appeal they argue that the district court improperly invoked the doctrine of abstention.
 
 APPELLATE JURISDICTION
 
 2
 We have recently held that an abstention order like this one, though not a dismissal, is appealable as a final judgment. Drexler v. Southwest Du Bois School Corporation, 504 F.2d 836, 838 (7th Cir. 1974).
 
 ABSTENTION
 
 3
 After trial, the district court held that abstention was appropriate and declined to decide the merits 'until the Indiana courts have had an opportunity to consider the applicability of and authoritatively construe the Bi-Partisan Personnel System Act (Ind.Code 8--13--1.5 (1973)) and/or the Administrative Adjudication and Court Review Act (Ind.Code 4--22--1 (1973)) in determining whether employees of the Indiana State Highway Commission have a right to a pre-discharge hearing under Indiana law.' Indiana State Employees Association, Inc. v. Boehning, 357 F.Supp. 1374, 1378 (S.D.Ind.1973). For the reasons which follow, we reverse the decision to abstain and reach the merits.
 
 
 4
 The Administrative Adjudication and Court Review Act prescribes the procedure to be followed by state agencies, including notice and an opportunity to be heard and present evidence, in the course of 'administrative adjudication.' By definition 'administrative adjudication' generally excludes 'the dismissal or discharge of an officer or employee by a superior officer' except that it includes 'hearings on discharge or dismissal of an officer or employee for cause where the law authorizes or directs such hearing.'
 
 
 5
 The Bipartisan Personnel System Act applies to the State Highway Commission. Section 5 provides that the commission shall not have more than 60% of the employees in each pay classification, as adherents to any one political party, and '(T)o meet the requirements of this section, the commission is hereby authorized to discharge at least twenty per cent (20%) of all employees employed under the provisions of this chapter at the beginning of each governor's administration.' It also provides in Sec. 6 that any employee may be dismissed, demoted, suspended or laid off for cause (thereafter defined). The statute does not, in terms, authorize or direct a hearing for either type of dismissal, and therefore the motion and hearing provisions of the Administrative Adjudication Act do not apply. Defendants claim justification for discharge of Ms. Musgrave only under the 'for cause' provision. She was denied a hearing.
 
 
 6
 Defendants point out that these statutes have not been construed by the Indiana courts, but they do not point out any area of doubtful meaning or outline an arguable construction of either or both Acts which would, as a matter of state law, entitle plaintiff to a hearing or a remedy for lack of one. If the action were brought in an Indiana court, that court would presumably address the question whether the due process clause of the Fourteenth Amendment would require a hearing, but that would be adjudication of the same claim of federal right advanced in this action, and not a resolution of any real question of state common, statutory, or constitutional law identified as such by the district court or by counsel.[1] As we read Sec. 5 of the Act, there may well be questions of construction as to exactly how it is designed to work in particular situations, and these, of course, are state law questions, but we do not perceive, nor have counsel suggested, how the resolution of those questions would affect the question of entitlement to notice and hearing as a matter of due process.
 
 
 7
 ' Abstention cannot be ordered simply to give state courts the first opportunity to vindicate the federal claim.' Zwickler v. Koota, 389 U.S. 241, 251, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967). Rights under the federal constitution are the proper subject of adjudication by federal courts. That jurisdiction may not be declined simply because the federal right may be asserted and vindicated in some other forum. McNeese v. Board of Education, 373 U.S. 668, 672, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1962).
 
 
 8
 Only in 'special circumstances' may the federal court abstain from deciding a properly presented federal question. One set of such circumstances may possibly exist when a state statute is alleged to be unconstitutional. The susceptibility of the statute to a clarifying construction that would alter or eliminate the constitutional question might justify abstention by the federal court. Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 510, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); Zwickler v. Koota, 389 U.S. 241, 249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). Another such set of circumstances may exist when a claimant asserts that the defendant's act is in violation of state law as well as federal constitutional law. The necessity for ruling on the constitutional question would be avoided if a definitive ruling on the state issue would resolve the controversy. See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). 'Thus our abstention cases have dealt with unresolved questions of state law which only a state tribunal could authoritatively construe.' Wisconsin v. Constantineau, 400 U.S. 433, 438, 91 S.Ct. 507, 511, 27 L.Ed.2d 515 (1971).
 
 
 9
 Where, as here, no such substantial question as to the applicable state law can be identified, 'abstention is equivalent to an impermissible requirement of exhaustion of state remedies.' Drexler, supra, 504 F.2d p. 839. The right to a hearing under the federal constitution is the question presented in this action, and the same question would be presented if plaintiffs were required to bring an action in an Indiana court. Under these circumstances, abstention by a federal court is inappropriate. McNeese v. Board of Education, 373 U.S. 668, 674, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1962).
 
 
 10
 The matter was fully tried before the district court decided to abstain. The facts are almost entirely stipulated. The parties have briefed and argued here the merits question whether plaintiff Musgrave had the type of interest in her employment so that her dismissal without a hearing was a denial of due process. Since there are no unresolved issues of fact relating to this question of law, we think it appropropriate to decide it here.
 
 FACTS
 
 11
 Plaintiff Musgrave was hired by the Commission as stockroom clerk at the Dale Garage January 19, 1970. In February, 1973 she was notified by defendant Scheessele that her employment would be terminated. She requested a hearing, but her request was denied. Defendants claim she was fired for cause. It is stipulated that her political affiliation is not at issue and that the employee who replaced plaintiff is affiliated with the same political party as plaintiff. Defendants take the position that no hearing need be held upon the request of any employee covered by the Bipratisan Personnel System Act prior to the dismissal of such employee.
 
 DUE PROCESS
 
 12
 'Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.' Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).
 
 
 13
 Proof of the legitimacy of a claim of entitlement 'would obligate . . . officials to grant a hearing at his request, where he could be informed of the grounds for his nonretention and challenge their sufficiency.' Perry v. Sindermann, 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972).
 
 
 14
 We conclude that the Indiana State Highway Commission Bipartisan Personnel System Act sufficiently supports a claim of entitlement to continued employment of employees in positions similar to plaintiff's. Section 6 of the Act authorizes dismissal for cause, and describes the type of conduct which constitutes cause.[2] If this were the only ground for dismissal provided by the Act, there could be no question, under the modern cases, of the legitimacy of an employee's claim of entitlement to continued employment, and of his due process right to notice and an opportunity to be heard before dismissal.
 
 
 15
 Section 5 of the Act authorizes dismissal of employees on account of their political affiliation for the purpose of achieving a balance of the proportion of employees adhering to different political parties.[3] We are not confronted in this case with a challenge to this system on First Amendment grounds. See Illinois State Employees Union, Council 34, Etc. v. Lewis, 473 F.2d 561 (7th Cir. 1972), cert. denied, 410 U.S. 928, 943, 93 S.Ct. 1364, 35 L.Ed.2d 590. Assuming (without deciding) its validity, it creates a risk of loss of employment for reasons other than cause. But even such discharges must serve the particular purpose of maintaining political balance, and the authority 'to discharge at least twenty percent (20%) of all employees employed under the provisions of this chapter at the beginning of each governor's administration,' while substantial in number, is limited in its effect by the fact that a governor's term is four years.
 
 
 16
 The specification of authority to discharge for two types of grounds in Secs. 5 and 6 of the Act clearly implies exclusion of other grounds. In our judgment the limitation to these two types of grounds are sufficient to support a claim of entitlement under the principles stated in Roth and Sindermann. This surely must be true in the case of an employee whose discharge is not based on political affiliation under Sec. 5. It follows that plaintiff Musgrave was entitled to notice and hearing before discharge.[4] Plaintiff Musgrave is entitled to reinstatement. The Eleventh Amendment prevents a judgment awarding her back pay or damages out of the state treasury. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The questions whether and to what extent she may be entitled to judgment for damages from individual defendants are left open for determination upon remand.
 
 CLASS ACTION
 
 17
 Plaintiff Musgrave and the Indiana State Employees Association brought this suit as a class action claiming the applicability of Rule 23, F.R.Civ.P. Plaintiffs do not define the parameters of the class represented other than by designations 'individuals similarly situated' and 'employees governed by the Bipartisan Personnel System Act.' Nor have they demonstrated how they fulfil the various requirements of Rule 23. The district court did not reach the issue of whether this suit is to be maintained as a class action. Rule 23(c) (1), F.R.Civ.P. We express no opinion whether this action is to be maintained as a class action upon remand.
 
 ATTORNEY'S FEES
 
 18
 Subject to limited exceptions, the American rule is that courts will not ordinarily charge a litigant with the attorney's fees of his prevailing opponent unless authorized to do so by a statute or by an enforceable agreement between the parties. Exceptions to the rule are set out by the Supreme Court in Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718, 87 S.Ct. 1404, 17 L.Ed.2d 51 (1966) and Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). This court discussed the awarding of attorneys' fees in Walker v. Columbia Broadcasting, 443 F.2d 33 (7th Cir. 1971).
 
 
 19
 The present case does not present a situation where the stare decisis or estoppel effect of a judgment that a predismissal hearing is required will establish as a matter of law the right of a class of persons to collect upon individual substantive claims. Fleischmann Distilling Corp. v. Maier Brewing Co., supra, 386 U.S. at 719, 87 S.Ct. 1404, 17 L.Ed.2d 51; Hall v. Cole, 412 U.S. 1, 6, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Nor is there a class which would benefit from the preservation of a res, an award from which would spread the costs of attorneys' fees proportionately among the benefited class members. Mills v. Electric Auto-Lite Co., supra, 396 U.S. at 394, 90 S.Ct. 616, 24 L.Ed.2d 593. To implement a strong statutory policy, awarding attorneys' fees may be the only available incentive to encourage private suits for non-monetary remedies. Newman v. Piggie Park Enterprises,390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). See Hairston v. R & R Apartments, 510 F.2d 1090 (1975). This is not such a case. Comparison of resources of the parties is a factor that of itself does not establish a legal basis for the award of attorney's fees. Accordingly, we conclude that allowance of attorney's fees is to be denied.
 
 
 20
 The order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 This case does not present an issue unclear under state law, 'The court holds today only that a state-employed teacher who has a right to re-employment under state law, arising from either an express or implied contract, has, in turn, a right guaranteed by the Fourteenth Amendment to some form of prior administrative or academic hearing on the cause for nonrenewal of his contract. . . . If relevant state contract law is unclear, a federal court should, in my view, abstain from deciding whether he is constitutionally entitled to a prior hearing . . ..' Perry v. Sindermann, 408 U.S. 593, 603, 92 S.Ct. 2694, 2717, 33 L.Ed.2d 570 (1972), Chief Justice Burger, concurring
 
 
 [2]
 Ind.Code 8--13--1.5--6 (1973): 'Dismissal of employees for cause.--Any employee may be dismissed, demoted, suspended or laid off for cause. For the purpose of this chapter (8--13--1.5--1--8--13--1.5--8) cause shall be any action or inaction of any employee that produces, incurs or results in the substantial diminution of the employee's ability or willingness to perform his duties, impairs the ability or willingness of any other employee of the institution or agency of state government to perform his duties or brings discredit upon the state of Indiana. Cause may include but shall not be limited to the following:
 Intoxication on the job; physical or mental inability to perform the job requirements; personality characteristics which substantially limit the employee's or his fellow employee's ability to perform his duties, or which severely handicap the administration of the commission; and, action or inaction which severely limits or prohibits the implementation of administrative policies.'
 
 
 [3]
 8--13--1.5--5 (36--163g). 'Limitation of number of employees of same political affiliation.--The highway commission shall not have more than sixty per cent (60%) of the employees covered by this chapter (8--13--1.5--1--8--13--1.5--8), in each pay classification, and insofar as practicable, as adherents to any one (1) political party. To meet the requirements of this section, the commission is hereby authorized to discharge at least twenty per cent (20%) of all employees employed under the provisions of this chapter at the beginning of each governor's administration. If, in the opinion of the commission, rehiring of discharged employees is in the best interest of the commission, such employees may be reinstated. Employees that are retained or employed under the provisions of this chapter may be dismissed, demoted, suspended or laid off because of their political affiliation in order to achieve the political balance required by this chapter. It is the intent of this chapter, however, to emphasize stability of government through continuity of employment and career opportunity.'
 
 
 [4]
 In this instance the employees' property interest in employment was not expressly conditioned by procedural limitations accompanying the grant of the interest. Cf. Arnett v. Kennedy, 416 U.S. 134, 155, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974)