Richard MAZANEC, et al., Plaintiffs-Appellants,

v.

NORTH JUDSON–SAN PIERRE SCHOOL CORPORATION, et al., Defendants-Appellees.

No. 84–2485.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 15, 1984.
Decided Dec. 19, 1984.

See also, D.C., 552 F.Supp. 873.

Richard J. LaSalvia, South Bend, Ind., Professor Edward Gaffney, Loyola Law School, Los Angeles, Cal., for plaintiffs-appellants.

Thomas O. Mulligan, Mulligan & Fenton, Knox, Ind., David M. Wallman, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before CUMMINGS, Chief Judge, and ESCHBACH and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The plaintiffs, who brought this suit in 1981 under the federal civil rights laws to challenge the constitutionality of Indiana's compulsory-schooling law, have appealed from the district judge's order, entered after trial in 1984, "that all further proceedings in this matter are hereby stayed for the purpose of allowing the plaintiffs to present their claims in the state courts of Indiana." A better word than "allowing" would be "compelling." The plaintiffs do not want to litigate their claims in state court, but the district judge, believing that there are unresolved issues of state law the resolution of which might moot the plaintiffs' federal claims, decided to abstain under the doctrine of *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

We asked the parties to brief the question whether such a stay is appealable. The usual route by which stays are appealed, the *Enelow-Ettelson* doctrine, is unavailable to the plaintiffs. The doctrine allows a stay on equitable grounds of an action at law to be appealed as an interlocutory injunction under 28 U.S.C. § 1292(a)(1). Whether or not *Pullman* abstention is equitable in nature, an issue we need not address, the plaintiffs here are seeking equitable as well as legal relief, and equitable relief that is more than incidental to legal relief. Since for purposes of the *Enelow-Ettelson* doctrine a mixed law-equity suit is equitable unless equitable relief is being sought merely as an incident to legal relief, *Medtronic, Inc. v. Intermedics, Inc.*, 725 F.2d 440, 444–45 (7th Cir.1984), the doctrine is inapplicable to this case.

This leaves as the only possible route of appeal the final-judgment rule itself, 28 U.S.C. § 1291. Is a stay for *Pullman* abstention a final decision? It is not

clear that this question can be answered in gross. There are two types of *Pullman* abstention. In one, the federal court dismisses the suit before it, and the plaintiffs then prosecute all their claims, state and federal, in the state court in favor of which the federal court has abstained. In such a case there is nothing left of the matter in the federal court, and the dismissal is final. The fact that the matter is being pursued before another tribunal is irrelevant. For example, when a suit in federal court is dismissed on the ground that a state court, or an arbitration board, or an administrative agency has exclusive jurisdiction over the subject matter of the suit, the order of dismissal is a final and appealable order, even though it contemplates further proceedings on the plaintiff's claim in another forum. It is the same when a federal court orders complete abstention in the sense we have described. And it does not matter whether the order is formally called a dismissal rather than a stay. (Unfortunately the words are often used interchangeably.) If the order contemplates that the suit will never return to the federal court, the fact that it is called a "stay" will not change its character as a final order, appealable immediately. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 10, 103 S.Ct. 927, 933, 74 L.Ed.2d 765 (1983)

In the other kind of *Pullman* abstention, however, the plaintiff goes to state court just to pursue his state claims; the state court decides no federal questions; if any are left after the state court has finished, the plaintiff comes back to federal court to finish his suit. See *Migra v. Warren City School Dist.*, — U.S. —, 104 S.Ct. 892, 898 n. 7, 79 L.Ed.2d 56 (1984); *England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Waldron v. McAtee*, 723 F.2d 1348, 1351 (7th Cir.1983). When the plaintiff elects this form of abstention (and it is elective), the stay of federal proceedings is a genuine stay, and not a form of dismissal; and *Goldberg v. Carey*, 601 F.2d 653, 656–57 (2d Cir.1979) (Friendly, J.), held that therefore such a stay is not appealable under the final-judgment rule. The case remains pending in the federal court; just a piece of it has been sent out; and though the state court may decide its piece of the case in a way that moots the proceeding in the federal court, this is no more likely than in a case where the federal court orders the proceedings before it stayed while the parties resort to arbitration—yet that is a classic example of a stay the appealability of which is governed by the *Enelow-Ettelson* doctrine. See *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449, 452, 55 S.Ct. 313, 314, 79 L.Ed. 583 (1935); *Hayes v. Allstate Ins. Co.*, 722 F.2d 1332, 1339 (7th Cir.1983) (dissenting opinion).

Although a characteristically powerfully reasoned statement of its distinguished author, *Goldberg v. Carey* is in conflict with our earlier en banc decision in *Drexler v. Southwest Dubois School Corp.*, 504 F.2d 836, 838 (7th Cir.1974) (en banc), not cited in *Goldberg*, and with a string of decisions subsequent to *Drexler*. See *Indiana State Employees Ass'n, Inc. v. Boehning*, 511 F.2d 834, 835 (7th Cir.), rev'd on other grounds, 423 U.S. 6, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975) (per curiam); *Vickers v. Trainor*, 546 F.2d 739, 741 (7th Cir.1976); *Miller-Davis Co. v. Illinois State Toll Highway Authority*, 567 F.2d 323, 325 (7th Cir.1977); *Zbaraz v. Quern*, 572 F.2d 582, 584 (7th Cir.1978). All of these decisions allow a stay for *Pullman* abstention to be appealed immediately under 28 U.S.C. § 1291 whether the stay put the plaintiff out of federal court altogether or he had reserved his federal claims for later decision by the federal court (as in *Drexler* itself). And although the decisions precede *Goldberg v. Carey*, *Drexler* has since been reaffirmed in dicta in two of our cases. See *United States v. Elrod*, 627 F.2d 813, 816 (7th Cir.1980); *Microsoftware Computer Systems, Inc. v. Ontel Corp.*, 686 F.2d 531, 533 (7th Cir.1982).

The Supreme Court's recent *Moses H. Cone* decision, upholding the appealability under section 1291 of a stay of a federal

suit based on a parallel state proceeding, contains a broad hint that stays for *Pullman* abstention are similarly appealable, see 460 U.S. at 9–10, 103 S.Ct. at 933–34, but promptly retracts the hint by saying that its ruling is limited to cases where "the object of the stay is to require all or an essential part of the federal suit to be litigated in a state forum," *id.* at 10 n. 11, 103 S.Ct. at 934 n. 11—and in *Pullman* abstention, unlike abstention in favor of a parallel state proceeding, it could be said that the "essential part of the federal suit" remained (at the plaintiff's option) in federal court. *Hovsons, Inc. v. Secretary of Interior*, 711 F.2d 1208, 1211 (3d Cir.1983), reads *Moses H. Cone* to authorize immediate appeals from stays for *Pullman* abstention, but *Badham v. United States District Court*, 721 F.2d 1170, 1171–72 (9th Cir.1983), and *Bridge Construction Corp. v. City of Berlin*, 705 F.2d 582, 584 (1st Cir.1983), look the other way. The treatise writers support immediate appealability, but without extended discussion of the issue. See 9 Moore's Federal Practice ¶ 110.-20[4.–2], at p. 251 (2d ed. 1983); 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3914, at pp. 564, 565–66 (1976), 1983 Pocket Part § 3914, at p. 257 (1984).

■ In the circumstances, we think we should stick with the established approach in this circuit, especially in light of the practical consideration that it will often be unclear at the time the district court orders abstention, and before the plaintiff has brought his suit in state court, whether the plaintiff intends to reserve his federal claims. Of course the plaintiff could be required to elect as soon as a motion to abstain is made or granted; but this could induce the defendant to make such a motion just in order to accelerate the plaintiff's strategic decision-making, and we are not sure we should create such inducements. At all events we are disinclined to reexamine our approach in a case like this where abstention is ordered after the trial —indeed, nearly three years after the case was brought. If the order is erroneous, the plaintiff will have been subjected to enormous delay, especially if he elects to return to federal court for decision of his federal claims after the state court proceedings have been completed. An immediate appeal need not delay those proceedings, moreover, because the pendency of the appeal does not prevent the plaintiff from beginning his action in state court. A stay issued so late in the game—a stay that, if it contemplates a return to the federal court (and if it does not, it is tantamount to a dismissal, and is uncontroversially appealable forthwith), promises enormous delay in the resolution of the entire controversy—could well be thought in any event to inflict the kind of irreparable harm that would warrant an immediate appeal under the collateral-order doctrine, the issue whether to abstain being collateral to (i.e., separate from) the merits of the complaint. Cf. *Moses H. Cone Memorial Hospital v. Mercury Construction Co., supra*, 460 U.S. at 11–13, 103 S.Ct. at 934–35.

Hence, although we cannot tell from the papers before us which type of *Pullman* abstention the plaintiffs elected and the district court ordered (or whether the plaintiffs have even decided yet), we conclude that their appeal properly invokes our jurisdiction. Hence the appeal will not be dismissed, but will be scheduled for briefing and argument in the normal fashion.

SO ORDERED.