PET MILK COMPANY, Petitioner,

v.

Willis W. RITTER, Respondent.

CARNATION COMPANY, Petitioner,

v.

Willis W. RITTER, Respondent.

CONTINENTAL BAKING COMPANY, Petitioner,

v.

Willis W. RITTER, Respondent.

Nos. 7453–7455.

United States Court of Appeals
Tenth Circuit.

Oct. 21, 1963.

George P. Lamb, of Lee, Toomey & Kent, Washington, D. C., for petitioner Pet Milk Co.

Peter W. Billings, of Fabian & Clendenin, Salt Lake City, Utah, for petitioner Carnation Co.

A. Pratt Kesler, Salt Lake City, Utah, for petitioner Continental Baking Co.

Matthew P. Mitchell, San Francisco, Cal., for respondent.

Before PICKETT, HILL and SETH, Circuit Judges.

PER CURIAM.

These are original mandamus proceedings growing out of a series of anti-trust cases originating in the United States District Court for the District of Utah, in which petitioners herein were defendants and Utah Pie Company was the plaintiff. On September 8, 1961, Utah Pie, in separate actions against the petitioners, sought damages for unlawful price discrimination in the sale of their products in a described trading area. The cases were consolidated for trial and on February 22, 1963, a verdict was returned against each of the defendants and judgment was entered thereon. Appeals from those judgments are now pending in this court. (Nos. 7306, 7308, and 7309)

On May 6, 1963, Utah Pie Company brought additional actions against the petitioners in the United States District Court for the District of Utah to recover damages for continued anti-trust violations alleged to have occurred during a period subsequent to the filing of the first actions. The later actions are based on identical violations as those in the original actions, but occurring in the later period. Upon motion of the Utah Pie Company, the later cases were consolidated for trial. The trial court denied motions of the defendants, the petitioners herein, to stay all proceedings in the later cases until the pending appeals were decided. The court also denied Continental Baking Company's motion to disqualify plaintiff's attorneys.

In addition to seeking writs of mandamus, the petitioners filed motions in this court requesting an order staying further proceedings in the three cases pending in Utah until those appeals here were decided, and also filed direct appeals from the orders of the district court. In all of those proceedings, and the voluminous papers and documents filed in connection therewith, the petitioners seek a

review of the order of consolidation, the denial of the request for a stay, and the refusal to disqualify plaintiff's attorneys.

It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of "economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 165–166, 81 L.Ed. 153. The granting of the stay ordinarily lies within the discretion of the district court. In an appropriate case, mandamus is available to review a trial court's grant or refusal of a stay of proceedings. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, reh. denied, 352 U.S. 1019, 77 S.Ct. 553, 1 L.Ed.2d 560; Roche v. Evaporated Milk Assn., 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Lutes v. United States District Court for the Western District of Oklahoma, 10 Cir., 306 F.2d 948, cert. denied 371 U.S. 941, 83 S.Ct. 320, 9 L.Ed.2d 275, reh. denied 371 U.S. 970, 83 S.Ct. 550, 9 L.Ed.2d 540. Mandamus, however, is a drastic remedy which will not be permitted for the purpose of reviewing interlocutory orders unless there is a clear abuse of discretion. Parr v. United States, 351 U.S. 513,[1] 76 S.Ct. 912, 100 L.Ed. 1377, reh. denied 352 U.S. 859, 77 S.Ct. 21, 1 L.Ed.2d 69, Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S. Ct. 145, 98 L.Ed. 106; CMAX, Inc. v. Hall, 9 Cir., 300 F.2d 265; Black v. Boyd, 6 Cir., 248 F.2d 156; In re Narragansett Pier Amusement Corp., 1 Cir., 224 F.2d 231, cert. denied 350 U.S. 862, 76 S.Ct. 103, 100 L.Ed. 765. Although it might

appear advisable that the trial of the cases now pending be delayed until the appeals involving identical questions are decided, we are convinced that there is no clear showing of abuse of discretion by the trial court in denying the stay, nor do we think that mandamus is appropriate in this case to review the order of consolidation.

We have concluded that the demand for a disqualification of one or more of plaintiff's attorneys in the pending cases in the District Court is wholly without merit and does not warrant further discussion.

The request for permission to file petitions for writs of mandamus and prohibition are Denied.

---

1. In Parr v. United States, 351 U.S. 513, 520–521, 76 S.Ct. 912, 917–918, 100 L. Ed. 1377; the court, speaking of writs of mandamus and prohibitions to district courts, said: "Such writs may go only in aid of appellate jurisdiction. 28 U.S.C. § 1651. The power to issue them is discretionary and it is sparingly exercised. Rule 30 of the Revised Rules of this Court and the cases cited therein. This is not a case where a court has exceeded or refused to exercise its jurisdiction, see Roche v. Evaporated Milk Assn., 319 U.S. 21, 26 [63 S.Ct. 938, 87 L.Ed. 1185],

nor one where appellate review will be defeated if a writ does not issue, cf. Maryland v. Soper, 270 U.S. 9, 29–30 [46 S.Ct. 185, 70 L.Ed. 449]. Here the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction. The extraordinary writs do not reach to such cases; they may not be used to thwart the congressional policy against piecemeal appeals. Roche v. Evaporated Milk Assn., supra, [319 U.S.] at p. 30 [63 S.Ct. at pp. 943–944, 87 L.Ed. 1185]."