**Jacqueline CARR, Plaintiff-Appellant,**

**v.**

**Ruth Freiday GRACE, and Southeast Title & Insurance Company et al., Defendants-Appellees.**

No. 74–3515

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

July 25, 1975.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Jacqueline Carr, pro se.

Preddy, Haddad, Kutner & Hardy, S. O. Carson, Stephens, Magill, Thornton & Sevier, Johnathon P. Lynn, Miami, Fla., for defendants-appellees.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

The question raised in this diversity suit is whether a federal court endowed with concurrent jurisdiction to hear a case that has been filed in state court, should dismiss rather than stay its case pending state resolution of the suit prior to the time of the state trial. Although the issue is complicated somewhat by the subsequent occurrence of a final state judgment that would ordinarily be res judicata if we were considering this case anew, we hold that the initial dismissal by the federal court was improperly granted.

Briefly, the facts are these: Jacqueline Carr, a resident of Louisiana, was rear-ended by Ruth Grace, a Florida resident, on May 27, 1970 in Coral Gables, Florida. Suit was timely filed in the state court in Florida. Thereafter, appellant Carr filed suit on the same action in federal court, seeking a less congested calendar. In response, the defendants moved to have the federal suit dismissed, abated or stayed. In the interim the statute of limitations had run but, despite this, the District Judge dismissed the case "without prejudice." Subsequently, on August 5, 1974 the District Court denied the appellant's motion for rehearing. Thereafter, on October 30, 1974 the Florida state court dismissed the Carr suit with prejudice when she failed to appear for trial.

Appellant filed a timely appeal from both the state and federal[1] decisions. But her right to the federal appeal was challenged by the defendants on the grounds that the state decision was now res judicata. Specifically, the appellees would argue that the only question raised by the case is whether the Florida trial court's dismissal with prejudice operates as res judicata to prevent our consideration of whether the federal District Court erred in dismissing "without prejudice."

However, we think that the issue as posed by the appellees puts the case in a distracting posture. Instead, the relevant question concerns the propriety of the federal District Court's dismissal of a diversity suit properly filed prior to the time any state res judicata effects had attached.

It seems clear that a federal court may not abdicate its authority on the grounds that a similar action is pending in a state court. Donovan v. Dallas, 1963, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409; Meredith v. Winter Haven, 1943, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; Ermentrout v. Commonwealth Oil Co., 5 Cir., 1955, 220 F.2d 527. While a dismissal "without prejudice" may ar-

---

1. Initially, some question might be raised concerning the appealability of a dismissal "without prejudice." Under the peculiar circumstances of this case, we have no difficulty in concluding that a dismissal even "without prejudice" after the statute of limitations has run is a final order for purposes of appeal. The appealability of an order depends on its effect rather than its language. Ettelson v. Metropolitan Life Ins. Co., 1942, 317 U.S. 188, 192, 63 S.Ct. 163, 87 L.Ed. 176.

guably approximate a stay, the approximation is by no means sufficient where the statute of limitations has run.

 In response, the appellee argues that the District Judge has the inherent right to select whatever method of dismissal he chooses and even if the issue is appropriately here on appeal, the appeal should be dismissed because the appellant failed to post bond for costs as required by F.R.A.P. 7 and 8. But in the circumstances of this case we are inclined to believe with Moore's that "while dismissal is an available sanction, failure to effect timely filing of the bond should not, without more, result in dismissal." 9 J. Moore Federal Practice ¶ 207.02 at 1302 (1974), especially since we find merit in the appeal and costs are now chargeable to appellees.

For these reasons the order of the District Court dismissing the appeal without prejudice is voided and the case is remanded for further proceedings on which we intimate no views.

Reversed and remanded.[2]

Jack N. Price, Longview, Tex., J. F. Hulse, El Paso, Tex., for counterclaimants-appellants.

Charles J. Morris, Dallas, Tex., Tom Upchurch, Jr., Stephen F. Scott, Amarillo, Tex., for counterdefendant-appellee.

___

**2.** Our decision on the merits today effectively denies appellees' motion to dismiss as moot.