575 F.2d 1322
 PROP-JETS, INC., Petitioner,
v.
The Honorable Stephen S. CHANDLER, United States District
Judge for the Western District of Oklahoma, Respondent.
R. J. ENSTROM CORPORATION, Plaintiff-Appellee,
v.
INTERCEPTOR CORPORATION and United States of America, Defendants,
Prop-Jets, Inc., Defendant-Appellant.
 Nos. 78-1121, 78-1212.
 United States Court of Appeals,
Tenth Circuit.
 Submitted April 21, 1978.
Decided May 19, 1978.
 
 J. Albert Sebald of Grant, McHendrie, Haines & Crouse, Denver, Colo., for Prop-Jets, Inc.
 Phillip D. Bostwick and J. Thomas Lenhart of Shaw, Pittman, Potts & Trowbridge, Washington, D. C., and Ben L. Burdick and Clyde A. Muchmore of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for R. J. Enstrom Corp.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 A petition for a writ of mandamus and motion to dismiss an appeal, both of which arise from an action in the Federal District Court for the Western District of Oklahoma entitled R. J. Enstrom Corporation v. Interceptor Corporation, United States of America and Prop-Jets, Inc., No. CIV 72-794-C, have been consolidated for our consideration on appeal. The petition for a writ of mandamus by Prop-Jets, Inc. (Prop-Jets) requests that Judge Stephen S. Chandler of the United States District Court for the Western District of Oklahoma be directed to vacate that portion of an order he issued on February 10, 1978, which joined Prop-Jets as a party defendant in the above-mentioned suit. The motion by R. J. Enstrom Corporation (Enstrom), plaintiff in the lower court action, requests dismissal of a separate appeal filed by Prop-Jets. That appeal also seeks review of the joinder order.
 
 
 2
 Before proceeding further, a brief review of the relevant history of this litigation will be helpful to aid in understanding our resolution of the issues. The suit in the district court arises out of a plane crash which occurred on January 15, 1972. The aircraft was owned by Enstrom and manufactured by Interceptor Corporation. A products liability and negligence action was commenced by Enstrom in the Federal District Court for the Western District of Oklahoma in November, 1972, naming Interceptor Corporation and the United States as defendants.
 
 
 3
 Before trial on the merits could begin, Enstrom learned that Interceptor Corporation was "defunct" and that most of its assets had been purchased at a foreclosure sale by Interceptor Company, a limited partnership composed of six stockholders of Interceptor Corporation. Enstrom filed a motion pursuant to Fed.R.Civ.P. 25(c),[1] seeking to join the partnership as a codefendant. The motion for joinder was initially granted, but after an evidentiary hearing the court reversed itself and vacated the prior joinder order. The district court found there was no transfer of interest between Interceptor Corporation and Interceptor Company, and that as a matter of law Interceptor Company was not a continuation of Interceptor Corporation.
 
 
 4
 Pursuant to 28 U.S.C. § 1292(b), the trial judge certified that his order refusing to join the partnership as a party defendant involved a controlling question of law and that immediate appeal would advance the ultimate termination of the litigation. We permitted the appeal to be taken and in our resulting opinion affirmed the trial judge's holding that Interceptor Company was not a continuation of Interceptor Corporation. R. J. Enstrom Corp. v. Interceptor Corp., 555 F.2d 277 (10th Cir. 1977). We also held that "Interceptor's (partnership) purchase of the assets (of Interceptor Corporation) . . . was arm's-length and in nowise inequitable or overreaching." 555 F.2d at 282-283.
 
 
 5
 On April 21, 1977, shortly before our opinion was issued, the Interceptor Company limited partnership apparently was liquidated and all of its assets transferred to a newly-formed corporation called Prop-Jets, Inc. According to an affidavit in the record, the only assets owned by Prop-Jets are those acquired from the partnership, and the shareholders of the new corporation are the same persons who were partners in Interceptor Company.
 
 
 6
 After remand to the district court, Enstrom discovered that Prop-Jets had taken over the partnership's assets and that the partnership was liquidated. On November 19, 1977, Enstrom filed a motion to join Prop-Jets as a party defendant. In support of its motion Enstrom stated that the transfer of assets from Interceptor Corporation to Prop-Jets through the intermediary Interceptor Company was done fraudulently to escape Interceptor Corporation's liabilities, and that at the evidentiary hearing on the previous Rule 25(c) motion shareholders of Interceptor Corporation had given inaccurate and incomplete information as to the value of the corporation's assets which had been the basis of the trial court's earlier ruling that Interceptor Company was not as a matter of law a successor to Interceptor Corporation.
 
 
 7
 The trial court held an evidentiary hearing on the motion and on February 13, 1978, Judge Chandler ordered Prop-Jets joined as a party defendant pursuant to Rule 25(c). The trial court denied Prop-Jets' motion for certification for an interlocutory appeal under 28 U.S.C. § 1292(b) on the joinder issue and set the case for trial on March 21, 1978. It is this joinder order that Prop-Jets seeks to vacate by issuance of a writ of mandamus and from which it has also appealed. This Court ordered a stay of the lower court proceedings until the matters could be resolved.
 
 
 8
 We first consider the petition for a writ of mandamus. In 28 U.S.C. § 1651(a), Congress provided that the courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, use of the writ of mandamus is a drastic remedy that has traditionally been reserved for exceptional situations. Pet Milk Company v. Ritter, 323 F.2d 586 (10th Cir. 1963). Even though hardship may result from delay and perhaps unnecessary trial, extraordinary writs cannot be used as substitutes for appeal. Bankers Life and Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953).
 
 
 9
 Substitution of a successor in interest or its joinder as an additional party under Rule 25(c) is generally within the sound discretion of the trial court. 3B Moore's Federal Practice P 25.08, (2d ed. 39). Use of a writ of mandamus to review a joinder order under Rule 25(c) is nearly always inappropriate. See In re Sylvania Electric Products, 220 F.2d 423 (1st Cir. 1955); Hazeltine Corporation v. Kirkpatrick, 165 F.2d 683 (3d Cir.), cert. denied, 334 U.S. 819, 68 S.Ct. 1084, 92 L.Ed. 1749 (1948).
 
 
 10
 In the present case we cannot say that the trial judge's action amounted to a clear abuse of discretion. Paramount Film Distributing Corp. v. Civic Center Theatre, 333 F.2d 358 (10th Cir. 1964). Although it is contended by Prop-Jets that it is the continuation of the partnership in corporate form, there has been no finding by any court to that effect. Consequently, this Court's previous decision in R. J. Enstrom Corp. v. Interceptor Corp., supra, does not necessarily control the trial court's action. If that earlier decision were to be regarded as controlling, it would be a final judgment (as we understand to be Prop-Jets' contention.) As a final judgment it would be subject to a motion under Fed.R.Civ.P. 60(b).[2] In that posture it is significant that although Enstrom's motion was made under Rule 25(c), the assertions recited in support of the motion would demonstrate sufficient mistake, new evidence, or perhaps even fraud that would allow the trial court under Rule 60(b) to relieve Enstrom from our previous affirmation of its holding that as a matter of law Interceptor Company was not a successor to Interceptor Corporation. Under the law the district court retains the power to act on a Rule 60(b) motion after this Court has resolved a matter upon appeal, and there is no necessity that a petition requesting permission to exercise such authority be filed with this Court. Standard Oil Co. of California v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); Wilkin v. Sunbeam Corporation, 405 F.2d 165 (10th Cir. 1968). Thus treated as a Rule 60(b) motion the trial court has authority to reopen this matter.
 
 
 11
 We next consider Enstrom's motion to dismiss Prop-Jets' appeal from the joinder order. Under 28 U.S.C. § 1291 this Court only has jurisdiction to hear appeals from final decisions of the district court. It has been generally held that an order granting substitution of a party or adding an additional party is interlocutory. In re Sylvania Electric Products, supra; Metalock Repair Service v. Harman, 216 F.2d 611 (6th Cir. 1954); Hazeltine Corporation, supra; 7A Wright and Miller, Federal Practice and Procedure, § 1962. The instant case is not a situation in which the order of the district court did not make any step toward final disposition of the merits of the case, and will not be merged in final judgment so that it will be too late to effectively review the order unless we entertain this appeal. Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To the contrary, we will be able to completely review the joinder order if appeal is taken from any final judgment. Considering our view on the mandamus issue stated above, we must find the trial court's Rule 25(c) joinder order to be interlocutory and non-appealable.
 
 
 12
 Prop-Jets' petition for writ of mandamus is denied; Enstrom's motion to dismiss Prop-Jets' appeal is granted; and the stay of the trial court proceedings is removed.
 
 
 
 [1]
 Rule 25(c), Fed.R.Civ.P.: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule."
 
 
 [2]
 Rule 60(b), Fed.R.Civ.P.: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . ."