Clara J. BRAGG, Plaintiff-Appellant,

v.

Thomas G. REED, Secretary, United States Air Force, Defendant-Appellee.

No. 77–1933.

United States Court of Appeals, Tenth Circuit.

Feb. 20, 1979.

Carl B. Walsingham, Jr., Oklahoma City, Okl., for plaintiff-appellant.

Larry D. Patton, U. S. Atty., and Richard F. Campbell, III, Special Asst. U. S. Atty., Oklahoma City, Okl., for defendant-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Clara J. Bragg appeals the dismissal of her suit brought under Title VII of the Civil Rights Act of 1964, as amended, claiming racial discrimination in connection with a civil service promotion in violation of 42 U.S.C. § 2000e–16. The dismissal was for lack of jurisdiction for failure to file an administrative complaint within 30 days of the effective date of the personnel action.

The materials presented to the court with respect to the motion to dismiss showed

that Ms. Bragg was a female of Polynesian ancestry listed on the personnel records of the Air Force as "black". She was informed on June 17, 1975, that she was not selected for a promotion for which she had applied. On June 19 and 20, 1975, she discussed the denial with persons in the personnel office, seeking to learn the reasons. Plaintiff's exhibits and affidavits show she did not file a grievance until September 29, 1975, after discovering the identity of the persons selected over her on September 26. While it appears from the documents that an investigation was made by an EEO counselor, no administrative agency reviewed her claim on its merits because of the failure to comply with the 30-day filing requirement set forth in 5 C.F.R. § 713.-214(a)(1)(i).

Ms. Bragg was given information on the promotion process, and that she had a right to file a complaint if she objected. Her allegation, however, is that she was not informed of any time limits within which she must file an administrative complaint with the EEOC. Although the Air Force brief claims that she was informed of the time limits for appeal, that does not appear anywhere in the record, pleadings or exhibits presented to the court. We do not read the order of the trial judge as finding that she was in fact aware of the 30-day limitation, only that it was her responsibility to ascertain and make application within the time limit. The order states:

> It clearly appears that the plaintiff was aware of the grievance procedures shortly after learning of her non-selection. If the plaintiff had chosen to she could easily have learned the identities of the persons selected long before September 26, 1975, and well within the thirty day filing requirement of 5 C.F.R. § 713.214(a)(1)(i). The responsibility for failing to file her complaint with the Equal Employment Opportunity Counselor within thirty days of the effective date of the personnel action must rest squarely upon the plaintiff. The timely exhaustion of the administrative remedies being a jurisdictional prerequisite to the bringing of this civil action, the Court must grant the

defendant's Motion to Dismiss for lack of subject matter jurisdiction. *Ettinger v. Johnson* [518 F.2d 648 (3d Cir. 1975)].

Ms. Bragg acknowledges the 30-day requirement of the regulation but claims she is within the exceptions provided in 5 C.F.R. § 723.214(a)(4) which states, as relevant:

> The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, . . .

■ The Secretary's brief argues that the trial court's order dismissing the complaint for lack of subject matter jurisdiction is not appealable, because of the distinction previously recognized by this Court between dismissal of a complaint and dismissal of the action. *See Smith v. Serna*, 367 F.2d 324 (10th Cir. 1966). This Court no longer attempts to make such a distinction, but rather reviews a dismissal to see if it effectively extinguished the plaintiff's cause of action. If it is clear that the plaintiff may not start over again with a properly drawn complaint, because of limitations problems or otherwise, the action is treated as final and the order is appealable. *Petty v. Manpower, Inc.*, 591 F.2d 615 (10th Cir. 1979); *Coffey v. Whirlpool Corp.*, 591 F.2d 618 (10th Cir. 1979). This case certainly meets that criterion. The ruling was that the period of limitations with respect to filing an administrative complaint barred the lawsuit. Plaintiff cannot cure that defect except to persuade this court that the agency and trial court's interpretation of the law was erroneous. Thus we hold the dismissal is an appealable final order.

■ It is true that Bragg must exhaust administrative remedies before filing an action in the federal district court on her claim of discrimination. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). It is just as clear that if the administrative agency and the trial court have refused to consider the merits of the plaintiff's claim because they misconstrued their legal duty, this court, reviewing a final and appealable or-

der, may correct that error of interpretation and remand the case to require application of the appropriate standards. The question is properly before us whether Ms. Bragg's case was correctly denied consideration because of her failure to file in time.

■ On the record we have, consisting of briefs, affidavits and exhibits presented to the trial court when it considered the motion to dismiss, there is nothing which demonstrates that Ms. Bragg in fact knew of the 30-day time limitation. The trial court's ruling, it seems to us, is to the effect that she knew of the grievance procedures almost immediately after learning of her nonselection for promotion, that she could have learned who was promoted, and that it was her responsibility to find out the time limit and file within the 30-day period.

The argument of the Secretary also is to the effect that a statute of limitations exists and she had the duty to ascertain it and file in time, as in any other legal action. We do not agree, because 5 C.F.R. § 713.-214(a)(4) states precisely, "The agency *shall* extend the time limits . . . when the complainant shows he was not notified of the time limits and was not otherwise aware of them . . ." (emphasis supplied).

This, we believe, makes complainant's knowledge a fact issue, and when she denies knowledge of the requirement, it must be resolved in the same manner as any fact issue. This is the holding of the only cases of which we are aware. *Ettinger v. Johnson*, 556 F.2d 692 (3d Cir. 1977); *Myles v. Schlesinger*, 436 F.Supp. 8 (E.D.Pa.1976). *See also, Bethel v. Jefferson,* 191 U.S.App. D.C. ——, 589 F.2d 631 (D.C. Cir. 1978); *Rozier v. Roudebush*, 444 F.Supp. 861, 866 (S.D.Ga.1978); *De Medina v. Reinhardt,* 444 F.Supp. 573, 578 n.3 (D.D.C.1978).

We remand the case to the district court with instructions to conduct an evidentiary hearing upon the question of Ms. Bragg's knowledge of the 30-day time limitation. There was no administrative review of the merits of Ms. Bragg's claim because of the ruling on the time limitation. Therefore if the district court sho find she did not

know of the 30-day requirement, and hence was within the exception of 5 C.F.R. § 713.214(a)(4), we consider the proper procedure to be a remand to the agency for a determination on the merits of her claim of discrimination rather than to conduct a full *de novo* trial in the district court at this time.