**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**A. L. SCHOLES, Defendant-Appellee.**

**No. 78–2005.**

United States Court of Appeals, Tenth Circuit.

Submitted on Briefs May 17, 1979.

Decided July 24, 1979.

Glenn C. Hanni and Robert A. Burton of Strong & Hanni, Salt Lake City, Utah, for plaintiff-appellant.

Matias A. Zamora, Santa Fe, N.M., C. R. Henriksen, Salt Lake City, Utah, and Lynn W. Mitton, Roosevelt, Utah, for defendant-appellee.

Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.

BARRETT, Circuit Judge.

State Farm Mutual Automobile Insurance Company (State Farm) appeals from an order of the district court dismissing its declaratory relief action against A. L. Scholes (Scholes) *without prejudice.*

On January 10, 1971, Marita Watchman (Watchman) was injured in an accident which occurred when Scholes backed up his pickup truck while Watchman, in the company of her grandmother, was attempting to board the pickup truck from the rear.[1] At the time of the accident Scholes was insured by State Farm for bodily injury and property damage liability.

Following the accident, Watchman brought suit against Scholes in a New Mexico state court. That suit ultimately resulted in a judgment for Watchman, and against Scholes, in the amount of $273,-783.00.

On October 20, 1977, Watchman filed an action against Scholes in the District Court of Duchesne County, Utah, seeking enforcement of the New Mexico judgment. Scholes answered and filed a third-party complaint against State Farm alleging, in essence, that State Farm breached its duties of good faith and fair dealing by failing to: advise Scholes of settlement offers made within the policy limits; provide him adequate post-judgment legal representation; and pay the $50,000.00 policy limits following rendition of judgment.

---

1. *See: Madrid v. Scholes*, 89 N.M. 15, 546 P.2d 863 (N.M.App.1976), *cert. denied*, 89 N.M. 206, 549 P.2d 284 (N.M.1976).

In response, State Farm filed this action in federal district court seeking a declaratory judgment relieving it of "any further obligation to provide a defense to Scholes . . ., and relieving State Farm of any obligation to pay any claim of Marita Watchman for personal injuries arising out of said automobile accident . . . ." [R., Vol. I, p. 3.] The declaratory relief was sought on the grounds that Scholes, as the insured of State Farm, breached the insuring agreement, particularly the cooperation clause, by failing to notify State Farm that an action had been commenced against him in the District Court of Duchesne County, Utah; by refusing State Farm its right to employ attorneys to represent Scholes in the Utah litigation; and by filing an answer admitting all of the material allegations thereof.

In response to the complaint for declaratory judgment, Scholes filed a motion to dismiss "on the ground that there is pending in the District Court . . ., State of Utah, an action involving the same parties, facts, transactions and subject matter as the instant action; that the claim of Plaintiff State Farm Mutual Automobile Insurance Company in the instant action is an affirmative defense required to be pleaded in that action; that the said State court action will be *res judicata* of all facts and claims presented in the instant action, and that the State court action has advanced further than the instant one." [R., Vol. I, p. 88.]

On October 12, 1978, the federal district court granted Scholes' motion and ordered that the action be dismissed *without prejudice.* [R., Vol. I, p. 107.] State Farm filed a timely notice of appeal. [R., Vol. I, p. 112.]

The sole issue on appeal is whether the district court abused its discretion in dismissing the complaint *without prejudice,* which action effectively stayed the proceedings pending the outcome of the concurrent state litigation.

## I.

### Federal Appellate Jurisdiction

At the outset, we must determine whether this court has jurisdiction to conduct the review requested by State Farm, despite the willingness and consent of the parties. *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375 (10th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 2182, 60 L.Ed.2d 1058 (1979); *Golden Villa Spa, Inc. v. Health Industries, Inc.*, 549 F.2d 1363 (10th Cir. 1977). Generally, courts of appeal review only final orders of the district courts. *See:* 28 U.S.C. § 1291.

In *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949), the Supreme Court addressed the "final order" requirement of § 1291, *supra*:

[Section 1291] disallow[s] appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal. . . .

Nor does a statute permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results. . . .

337 U.S., at p. 546, 69 S.Ct., at p. 1225.

Although some courts have held that a lower court's abstention order is "final" for purposes of appeal,[2] this court has held that "mandamus is available to review a trial court's grant or refusal of a stay of proceedings." *Pet Milk Company v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). We believe that our views expressed in *Pet Milk Company* were recently affirmed by the Supreme Court in *Will v. Calvert Fire Insurance Company*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978).

2. *Rancho Palos Verdes Corporation v. City of Laguna Beach*, 547 F.2d 1092 (9th Cir. 1976); *Drexler v. Southwest Dubois School Corporation*, 504 F.2d 836 (7th Cir. 1974), sitting *en banc*; *Druker v. Sullivan*, 458 F.2d 1272 (1st Cir. 1972).

In *Calvert Fire Insurance Company, supra,* the court "granted certiorari to consider the propriety of the use of mandamus to review a District Court's decision to defer to concurrent state proceedings . . ." *Will v. Calvert Fire Insurance Company, supra,* at 657–658, 98 S.Ct. at 2555.

In affirming the district court's stay of its proceedings pending the outcome of concurrent state litigation, the court extensively discussed the mandamus remedy and reaffirmed the "rule that a district court's decision to defer proceedings because of concurrent state litigation is generally committed to the discretion of that court." *Will v. Calvert Fire Insurance Company, supra,* at 665, 98 S.Ct. at 2559.

■ Thus, in our view, State Farm could have attempted to invoke the jurisdiction of this court only by means of a petition for writ of mandamus, rather than by appeal. Nonetheless, we are in agreement that we may treat the "appeal" as an application for leave to file a petition for writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See: Hartland v. Alaska Airlines,* 544 F.2d 992 (9th Cir. 1976); *Flora Construction Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413 (10th Cir. 1962), *cert. denied,* 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963).

## II.

■ Mandamus is an extraordinary writ, and the requirements for its issuance are strict. *Prop-Jets, Inc. v. Chandler,* 575 F.2d 1322 (10th Cir. 1978). The "traditional use of the writ in aid of appellate jurisdiction . . . has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). Mandamus is proper only when a party has no other adequate means to obtain relief. The right to relief must be clear and indisputable. *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Where a "district court persistently and without rea-

son refuses to adjudicate a case properly before it, the Court of Appeals may issue the writ 'in order that [it] may exercise the jurisdiction of review given by law.'" *Will v. Calvert Fire Insurance Company, supra,* 437 U.S. at 662, 98 S.Ct. at 2557 [quoting from *Insurance Company v. Comstock,* 16 Wall 258, 270, 21 L.Ed. 493 (1873)]. Courts proceed with extreme caution in granting writs of mandamus—the petitioning party having "the burden of showing that its right to issuance of the writ is 'clear and indisputable.'" *Bankers Life and Casualty Company v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953) [quoting from *United States v. Duell,* 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899)].

Speaking to the issue before us here, the Supreme Court in *Will v. Calvert Fire Insurance Company, supra,* said:

It is well established that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.' *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910). It is equally well settled that a district court is 'under no compulsion to exercise that jurisdiction,' *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942), where the controversy may be settled more expeditiously in the state court. Although most of our decisions discussing the propriety of stays or dismissals of duplicative actions have concerned conflicts of jurisdiction between two federal district courts. e.g., *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), we have recognized the relevance of those cases in the analogous circumstances presented here. See *Colorado River [Colorado River Conservation Dist. v. United States]* 424 U.S. [800], at 817–819, 96 S.Ct. 1246–1247, [47 L.Ed.2d 483.] In both situations, the decision is largely committed to the 'carefully considered judgment," *id.,* at 818, 96 S.Ct. 1246, of the District Court.

\*     \*     \*     \*     \*     \*

There are sound reasons for our reiteration of the rule that a district court's decision to defer proceedings because of concurrent state litigation is generally committed to the discretion of that court. No one can seriously contend that a busy federal trial judge, confronted both with competing demands on his time from matters properly within his jurisdiction and with inevitable scheduling difficulties because of the unavailability of lawyers, parties, and witnesses, is not entrusted with a wide latitude in setting his own calendar.

437 U.S., at 662, 663, 665, 98 S.Ct., at 2559. (Opinion of Rehnquist, J.)

In *Brillhart v. Excess Insurance Company*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), the Supreme Court addressed the question at hand, as follows:

Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in the controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

316 U.S., at 495, 62 S.Ct., at 1175–6.

■ In the instant case, the district court's action did not amount to an abuse of discretion. State Farm's right to have its declaratory relief action heard, despite the pendency of the state proceeding, was not "clear and indisputable." Contrary to the position of State Farm, we hold that the district court was clearly justified in staying proceedings before it pending final determination of the third-party action in state court. The district court's opinion is especially instructive:

Wise judicial administration militates against State Farm's contention that both this action and the state court action should proceed simultaneously. Simultaneous prosecution of both causes would result in wasteful duplication of efforts of counsel, courts, litigants, and witnesses. Moreover, the state court obtained jurisdiction long before this court. No issue of federal law or policy is involved. A final judgment in state court will necessarily resolve all issues before this court and the other issues arising out of the same transactions thus allowing comprehensive disposition of litigation.

\* \* \* \* \* \*

Among the many considerations pertinent to the exercise of this discretion [a stay of proceedings] are those of comity, the extent of disputed factual (as opposed to legal) issues involved, adequacy of relief available in statute court, avoidance of maneuvers designed to throw sand into judicial machinery, the order in which the courts obtained jurisdiction, the need for comprehensive disposition of litigation, and the desirability of avoiding piecemeal litigation. *id.* [Annot., 5 A.L.R.Fed. 10 (1970).]

In the present case nearly all these factors militate in favor of a stay of proceedings before this court pending determination of the third-party action in state court. The practical effect of such a stay would be indistinguishable from a dismissal without prejudice in this case since a state court judgment will preclude litigation of the issues before this court. [R., Vol. I, pp. 110, 111.]

State Farm's appeal, treated as an application for leave to file a petition for writ of mandamus, is denied.[3]

LOGAN, Circuit Judge, concurring.

I concur in the result reached by the Court in this case, and its discussion of the discretionary power of the trial judge to stay or dismiss a proceeding where identical issues are being litigated in a state court which will resolve everything involved in the federal suit. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978).

The majority opinion, however, treats the appeal filed by the insurance company as improper because the dismissal was without prejudice, but treats it as a petition for writ of mandamus, which it characterizes as a proper way to obtain review by this Court of such action on the part of the trial judge.

When an appeal is filed from dismissal of a complaint we now look at all of the facts and circumstances. "If it is clear that the plaintiff may not start over again with a properly drawn complaint, because of limitations problems or otherwise, the action is treated as final and the order is appealable." *Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979).

While the trial judge characterized his dismissal of the action as being "without prejudice," it is clear that he would take precisely the same action with respect to any new complaint filed. Neither would he accept a new complaint after the state court renders judgment, because he declares "a state court judgment will preclude litigation of the issues before this Court." Thus, the only sense in which this dismissal is "without prejudice" is that it is not to be treated as an adjudication of the merits of the litigation. The only circumstances under which a new complaint would be acceptable to the federal court would be in the unlikely event the state action were dismissed on some technicality which did not reach the merits, which would not constitute *res judicata*, with this happening prior to the running of the statute of limitations. Therefore, I would treat the dismissal under these circumstances as a final reviewable order.

Had the judge simply entered a stay of the proceeding I would not take the same view. Thus, I do not agree with the trial court's statement quoted in the majority opinion that this dismissal without prejudice is the same as a stay of proceedings under the circumstances. A stay eliminates statute of limitations questions and leaves the judge free to reconsider his decision to defer or to take other action.

Obviously, if Judge Will *had* dismissed Calvert's action Calvert could have appealed the order of dismissal to the Court of Appeals, which could have required such action of Judge Will "as may be just under the circumstances." 28 U.S.C. § 2106. Since he did not dismiss the action, Calvert remained free to urge reconsideration of his decision to defer based on new information as to the progress of the state case; to this extent, at least, deferral was *not* "equivalent to a dismissal."

*Will v. Calvert Fire Ins. Co. supra,* 437 U.S. at 665, 98 S.Ct. at 2559.

I believe a stay of proceeding would be much preferable to dismissal in a situation like that involved here.

---

3. We observe, in passing, that State Farm could have raised the issues presented in the federal declaratory relief action, as defenses to Scholes' third-party complaint for "bad faith." Nevertheless, it appears from the record, that State Farm's "answer to the third-party complaint" filed October 18, 1978, approximately five days after the dismissal without prejudice in this case, failed to raise those issues as defenses. [Suppl. R., Vol. I, pp. 3–5.]

The parties have not raised, and we do not decide, the question of whether the district court erred in dismissing the action *without prejudice* rather than ordering it stayed in view of the possible problems which may be encountered with the statute of limitations should State Farm attempt to refile its action following completion of the state court proceedings. *See: Carr v. Grace,* 516 F.2d 502 (5th Cir. 1975). We also intimate no views on whether a dismissal *without prejudice* made under circumstances such as occurred here affects the running of the statute of limitations.