**Wasfy S. ASAAD, Plaintiff,**

v.

**STATE OF COLORADO, DEPARTMENT OF PERSONNEL, COLORADO DEPARTMENT OF SOCIAL SERVICES, and Donald K. Armstrong, Defendants.**

Civ. A. No. 79–HC–457.

United States District Court, D. Colorado.

Nov. 29, 1979.

Dennis A. Graham, Denver, Colo., for plaintiff.

Carol M. Welch of Yegge, Hall & Evans, and Robert M. Howard, Asst. Atty. Gen., Denver, Colo., for defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

CHILSON, Senior District Judge.

This matter came on for hearing in open court upon the defendants' motion to dismiss the complaint or that the Court abstain from exercising its jurisdiction.

The Court, after reviewing the complaint and considering the briefs and oral argument of counsel, makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

On June 8, 1979, the plaintiff filed this civil rights action seeking injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. §§ 1981, 1983, 1985 and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

Plaintiff is a male citizen of the United States of Egyptian origin. He was employed by the State of Colorado Department of Revenue as an account clerk from August 1, 1970, to August 1, 1972. During this period, defendant, Donald K. Armstrong, was the Chief of the Office of

Accounting for the State of Colorado Department of Social Services.

Plaintiff in his complaint alleges the following: (1) that the defendant, Donald K. Armstrong, refused to recommend him for promotion due to his age, race and national origin; (2) that younger, less qualified employees were promoted ahead of him within the department; (3) that discriminatory job qualifications were instituted by the Department of Personnel which bore no reasonable relation to the performance of actual job skills; (4) that he was criticized and marked down on evaluations for work errors common to all employees; (5) and that finally in August 1972, he was discharged from his employment with the Department of Social Services as retaliation for his filing of grievances and charges with the EEOC.

Plaintiff filed charges of discrimination with the Colorado Civil Rights Commission and the Equal Employment Opportunity Commission on August 11, 1976, March 15, 1977, December 5, 1977, and June 27, 1978. Plaintiff received a "Notice of Right to Sue" from the EEOC on April 10, 1979.

At the same time, August 11, 1976, pursuant to state law, plaintiff also sought administrative review of his termination before the Colorado State Personnel Board. The Board conducted a hearing on the matter and on September 4, 1979, issued a decision upholding plaintiff's termination. Thereafter, plaintiff, pursuant to state law, filed an action in the Denver District Court appealing the decision of the State Personnel Board. The state court action seeks essentially the same relief prayed for in this action, reinstatement and back wages, and is directed at the same defendants.

## CONCLUSIONS OF LAW

Abstention is essentially a principle of comity where federal courts abstain from interference with state litigation. *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). One of the leading cases on the type abstention which applies when litigation is being conducted or in about to be conducted both in federal or state court is *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). There the Court stated:

"In this situation a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication. [citations omitted] The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court." 312 U.S. at 500, 61 S.Ct. at 645.

More recently, the Supreme Court stated in *Will v. Calvert Fire Insurance Company,* 437 U.S. 655, 662, 98 S.Ct. 2552, 2557–2558, 57 L.Ed.2d 504 (1978):

"It is well established that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.' *McClellan v. Carland,* 217 U.S. 268, 282, [30 S.Ct. 501, 505, 54 L.Ed.2d 762] (1910). It is equally well settled that a district court is 'under no compulsion to exercise that jurisdiction,' *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, [62 S.Ct. 1173, 1175, 86 L.Ed. 1620] (1942), where the controversy may be settled more expeditiously in the state court. Although most of our decisions discussing the propriety of stays or dismissals of duplicative actions have concerned conflicts of jurisdiction between two federal district courts, e. g., *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, [72 S.Ct. 219, 96 L.Ed. 200] (1952); *Landis v. North American Co.,* 299 U.S. 248, [57 S.Ct. 163, 81 L.Ed. 153] (1936), we have recognized the relevance of those cases in the analogous circumstances presented here. See *Colorado River,* 424 U.S. [800] at 817–819, [96 S.Ct. 1236 at 1246–1247, 47 L.Ed.2d 483]. In both situations, the decision is largely committed to the 'carefully considered judgment,' *id.,* at 818, [96 S.Ct. 1236, at 1246] of the district court "

The Tenth Circuit has additionally endorsed the doctrine of abstention. In *State Farm Mutual Automobile Insurance Co. v. Scholes*, 601 F.2d 1151 (10th Cir. 1979), the court held that a declaratory judgment action was justifiably stayed by the district court pending a final determination of the insured third-party's breach of good faith complaint against the insurer in state litigation. In *Western Food Plan, Inc. v. McFarlane*, 588 F.2d 778 (10th Cir. 1978), the court reversed a district court's dismissal of a civil rights complaint (42 U.S.C. § 1983) filed in federal court which was similar in subject matter to an action which was pending in state court. The Circuit Court stated that abstention rather than dismissal was the proper course of action in such a situation.

"The sole issue which is here presented is whether the court was correct in its determination that it was required to abstain. Our conclusion is that the cause must be remanded, not because the trial court abstained but because it dismissed the lawsuit as well.

\*     \*     \*     \*     \*     \*

"We do not disagree with the dismissal of the action by the District Court, if, as the court has said, the action is still pending in the state court, and we have no reason to conclude that it is not still pending, and abstention is certainly proper under *Pullman* and *Carey*. These cases, however, contemplate that the abstaining court shall maintain control of the litigation pending the state court disposition. If need be it can try the case on the merits if the state court does not resolve the controversy under state law." *Id.* at 779, 781.

The Court concludes that it should abstain from exercising its jurisdiction in this matter pending the disposition of the pending state proceedings.