[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14250
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01059-CV-AR-S

RESHONDA MCNEAL,

Plaintiff-Appellant,

versus

TARRANT, CITY OF,
MAYOR LOXCIL TUCK,

Defendants-Appellees,

JEFFERSON COUNTY PERSONNEL BOARD,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 28, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Reshonda McNeal, an African-American woman, appeals from the district court's grant of summary judgment in favor of her employer, the City of Tarrant, Alabama, in her racial discrimination suit filed pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964.[1] McNeal alleged that the City discriminatorily failed to promote her. On appeal, she argues that the district court erred in finding that she could not establish a prima facie case of discrimination because she had not shown that she was qualified for an upgrade of position or that she was similarly situated to the white employees who received upgrades. The City argues that her appeal is frivolous and moves for expenses, attorneys' fees, and double costs in the amount of $15,358.83, pursuant to Fed.R.App.P. 38.[2]

_____

[1] Because McNeal neither argues the merits of her 42 U.S.C. § 1983 claim against Mayor Loxcil Tuck nor contests the district court's finding that Tuck had qualified immunity from suit, she has waived any appeal from the grant of summary judgment in Tuck's favor. See Farrow v. West, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003).

[2] The City also moves to dismiss the appeal on grounds of frivolity and McNeal's failure to post the bond imposed by the district court pursuant to Fed.R.App.P. 7. When an appellant fails to post a required appeal bond, dismissal is available as a sanction. Carr v. Grace, 516 F.2d 502, 504 (5th Cir. 1975). Likewise, "[i]f it shall appear to the court at any time that an appeal is frivolous and entirely without merit, the appeal may be dismissed." 11th Cir. R. 42-4. However, McNeal appears to have made good-faith efforts to obtain an appeal bond. Moreover, we are not persuaded that the appeal is frivolous. Furthermore, because the City did not move to dismiss until after the appeal had been fully briefed by both parties, the City will not be prejudiced by a decision on the merits. Accordingly, we deny the City's motion to dismiss and proceed to resolve the appeal on the merits.

# I.

We review a district court's grant of summary judgment <u>de novo</u>, viewing the evidence in the light most favorable to the nonmoving party. <u>Sierminski v. Transouth Fin. Corp.</u>, 216 F.3d 945, 949 (11th Cir. 2000). Summary judgment will be granted if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); <u>Sierminski</u>, 216 F.3d at 949. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

A Title VII claim based on circumstantial evidence is analyzed according to the <u>McDonnell Douglas</u> framework. <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973). The plaintiff bears the initial burden of establishing a <u>prima facie</u> case of discrimination. <u>Id.</u> at 802, 93 S.Ct. at 1824. In a failure-to-promote case, the plaintiff may satisfy this burden by showing that (1) she belongs to a protected class, (2) she applied for and was qualified for a promotion, (3) she was rejected despite her qualifications, and (4) other equally or less-qualified employees outside her class were promoted. <u>Wilson v. B/E Aerospace, Inc.</u>, 376 F.3d 1079, 1089 (11th Cir. 2004). The

3

comparators for the fourth prong must be "similarly situated in all relevant respects." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Section 1981 has "the same requirements of proof and use[s] the same analytical framework" as Title VII. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).[3]

McNeal failed to present any sufficient evidence that she was qualified prior to October 2007 to receive the general upgrade she had requested. She also failed to present any sufficient evidence that she ever requested a temporary upgrade or that she was qualified at any time to receive one. In addition, the undisputed facts show that her three suggested comparators never received general upgrades, but that they were all qualified to receive, and did receive, temporary upgrades. Accordingly, the district court did not err in finding that she failed to establish a prima facie case of discrimination.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we affirm the district court's judgment .[4]

---

[3] Although McNeal argues that we should not use the traditional prima facie model for discrimination, there simply is not enough evidence of discrimination to support the use of a modified version that she asserts we should use. Compare Shoenfield v. Babbitt, 168 F.3d 1257 (11th Cir. 1999). As discussed above, not only were her suggested comparators upgraded in a different way than she sought to be promoted but she could not be upgraded in the same way. Furthermore, two of them were stripped of their temporary upgrades when they did not achieve the necessary score on the test, and McNeal was promoted when she achieved it.

[4] We decline to award sanctions to the City.

**AFFIRMED.**[5]

---

McNeal's request for oral argument is denied.