FILED
United States Court of Appeals
Tenth Circuit

September 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ALAN C. LAMMLE,

Plaintiff-Appellant,

v.

BALL AEROSPACE &
TECHNOLOGIES CORPORATION,

Defendant-Appellee.

No. 13-1458
(D.C. No. 1:11-CV-03248-MSK-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Alan C. Lammle, appearing pro se, appeals the district court's dismissal of his

complaint against his former employer, Ball Aerospace & Technologies Corporation

(Ball), challenging several of the court's procedural rulings. Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND.

Ball terminated Mr. Lammle's employment as a computer technician in its Information Management department in December 2010. Mr. Lammle had taken two extended leaves of absence due to illness prior to his termination. Through counsel (who is his wife), he filed a complaint against Ball which, as later amended, alleged breach of contract; disability discrimination; age discrimination; intentional infliction of emotional distress; retaliation; and unlawful termination. The court assigned a magistrate judge to handle pretrial matters as authorized by 28 U.S.C. § 636(b)(1)(A). Mr. Lammle substituted counsel. The district court granted Ball's motion to dismiss Mr. Lammle's claims for retaliation and wrongful termination under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, noting Mr. Lammle had not filed objections to the magistrate judge's report and recommendation to grant the motion. Mr. Lammle voluntarily dismissed his breach of contract claim and his substitute counsel withdrew.

Now proceeding pro se, in short order Mr. Lammle filed more than a dozen motions, memoranda, and objections repeatedly requesting extensions of time; appointment of an attorney; a stay or administrative closure of the case until a attorney was appointed; withdrawal of the § 636(b)(1)(A) magistrate judge referral; and recusal of the magistrate judge. The magistrate judge extended deadlines and directed the court clerk to make a good faith attempt to locate a volunteer counsel for Mr. Lammle, but informed Mr. Lammle that he remained responsible for prosecuting

his case unless and until an attorney agreed to represent him.  Both the magistrate judge and district court denied his requests for the magistrate judge's recusal and to stay the proceedings, and the district court denied his requests to withdraw its § 636(b)(1)(A) referral.

Ball moved for summary judgment as to the remaining claims for age and disability discrimination and intentional infliction of emotional distress.  Mr. Lammle moved for an extension of time to respond, which was granted.  He then filed additional motions for administrative closure of the case; withdrawal of the § 636(b)(1)(A) magistrate judge referral; free transcripts of the prior court hearings; and extensions of time.  The magistrate judge granted extensions of time, but denied the other requests.  Unsatisfied with the magistrate judge's rulings, Mr. Lammle repeatedly filed emergency motions with the district court requesting administrative closure and free transcripts, which were denied.  He failed to appear at a status conference or his scheduled second deposition.  Nine months after Ball filed its motion for summary judgment, Mr. Lammle still had not filed a response to the summary judgment motion, despite being given several extensions of time.  The district court then granted summary judgment on the remaining claims based on the undisputed facts in Ball's motion for summary judgment.  It also denied Mr. Lammle's motion for reconsideration.

ANALYSIS.

Mr. Lammle has waived any challenge on appeal to the merits of the district court's Rule 12(b)(6) and summary judgment dismissals of his complaint because he failed to develop any argument on appeal relating to these substantive claims. His 21-page brief contains two sentences relating to the merits of his complaint, stating only that he wants his case to be tried before a jury. Aplt. Br. at 19, 21. "[M]ere conclusory allegations with no citations to the record or any legal authority for support" are inadequate to preserve an issue for review. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (holding that a party, including a pro se litigant, waives an inadequately briefed issue). Appellants are required by Fed. R. App. P. 28(a)(8)(A) to include in their brief arguments with citations to supporting legal authority and the record. Although we liberally construe the filings of pro se appellants, we insist that they follow the same rules of procedure that govern other litigants, and we may not "assume the role of advocate" and manufacture arguments for them. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).

As a procedural matter, Mr. Lammle contends he was unaware that summary judgment was at issue. Aplt. Br. at 16. This claim is without merit and is belied by the fact that he repeatedly asked for and was given extensions of time by the district court to respond to the motion for summary judgment, but each time his response was due, he filed a motion for administrative closure, which was denied. Pro se litigants

- 4 -

are not excused from following the strict requirements of Rule 56 in order to properly contest a summary judgment motion. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

Mr. Lammle's appeal challenges the district court's procedural rulings. He argues that the magistrate judge should have been recused; his case should have been administratively closed; a pro bono attorney should have been appointed to represent him; and he should have been provided transcripts free of charge. We first note that, notwithstanding Mr. Lammle's objections, the district court's authority under § 636(b)(1)(A) to designate a magistrate judge to hear and determine pretrial matters is not contingent on his consent. With respect to his recusal claim, Mr. Lammle alleges that the magistrate judge refused to let him speak during a status conference, refused to read documents he submitted, delayed ruling on his motions, and is generally biased against pro se plaintiffs. Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal. *United States v. Erickson*, 561 F.3d 1150, 1169 (10th Cir. 2009) (describing standards for recusal). We find no evidence in the record of any factual grounds or conduct by the magistrate judge that would have led a reasonable jurist to question the judge's neutrality; the district court did not err in denying Mr. Lammle's recusal motions. *See id*.

Further, the district court did not err in not appointing counsel for Mr. Lammle. Mr. Lammle neither requested nor was granted *in forma pauperis*

status in the district court,[1] and there was no constitutional or statutory obligation for the court to appoint him counsel. *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) ("[A] plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel."). The district court directed the clerk to seek a voluntary attorney for Mr. Lammle, and we discern no abuse of discretion in not appointing counsel. *See id*. at 1422-23 (appointment of counsel is reviewed for abuse of discretion). Nor did the district court err in denying his motion for free transcripts. Mr. Lammle's pro se status in a civil proceeding does not qualify him for a transcript at government expense under 28 U.S.C. § 753(f), which governs such requests.

Finally, Mr. Lammle challenges the district court's denial of his motion for administrative closure. The district court's local rules permit the court to administratively close a civil action, D.C. Colo. L. Civ. R. 41.2, which removes a case from the court's active docket. The decision to deny administrative closure is reviewed for an abuse of discretion. *Vahora v. Holder*, 626 F.3d 907, 919 (7th Cir. 2010); *see also Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (court's decision to stay proceedings pending before it is within its broad discretion). Here, the district court ruled Mr. Lammle had not shown good cause to warrant administrative closure. It concluded he was capable of adequately presenting his

---

[1] After the dismissal of his complaint, Mr. Lammle requested to proceed in forma pauperis on appeal, which the district court denied based on its finding that an appeal could not be taken in good faith.

claims without assistance from counsel, noting he had been aggressively litigating his case, previously had the assistance of two attorneys, including his wife, and had not explained what efforts, if any, he had made to locate replacement counsel. The district court's denial was not an abuse of its discretion.

Mr. Lammle's motions for appointment of counsel and leave to proceed *in forma pauperis* are denied. The judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge